# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:12CR00102 |
| Plaintiff, | : | Judge Timothy S. Black |
| v. | : | |
| ISSA KANTE, | : | |
| Defendant. | : | |

## PRELIMINARY ORDER OF FORFEITURE OF DEFENDANT ISSA KANTE'S ASSETS AND ORDER FOR MONEY JUDGMENT AND SUBSTITUTE ASSETS

Upon the Motion of the United States for a Preliminary Order of Forfeiture, and the Court's review of the evidence in the record, including the Plea Agreement, the Court HEREBY FINDS THAT:

1.      The Defendant plead guilty to Count One of the Indictment charging him with Bank Fraud in violation of 18 U.S.C. § 1344 and Count Thirty Five charging him with Use of a False Passport in violation of 18 U.S.C. § 1543.

2.      The Defendant has an interest in the following property (hereinafter referred to as the "Subject Property"):

      a.      $24,850.00 in United States Currency and

      b.      the contents of the accounts listed in Exhibit 1.

3.     The Defendant agreed that the amount of $196,425.00 represents a portion of the proceeds of the Defendant's offenses in Counts One and Thirty Five; that a forfeiture money judgment should be entered against him in the amount of $196,425.00 pursuant to 18 U.S.C. § 982(a)(2) and 18 U.S.C. § 982(a)(6)(A); and the money judgment will be reduced by the amount of any property recovered as substitute assets or recovered from the accounts listed on Exhibit 1.

4.     The Subject Property is forfeitable, pursuant to 18 U.S.C. § 982(a)(2), as property constituting, or derived from, any proceeds obtained, directly or indirectly as a result of the offense alleged in Count One and pursuant to 18 U.S.C. § 982(a)(6)(A) as property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the offense alleged in Count Thirty Five.

5.     The United States has established the requisite nexus between the Subject Property and the Defendant's offenses.

THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Defendant shall hereby forfeit, pursuant to 18 U.S.C. § 982(a)(2), his interest in any property constituting, or derived from, any proceeds obtained, directly or indirectly as a result of the offense in Count One of the Indictment charging him with Bank Fraud in violation of 18 U.S.C. § 1344 and pursuant to 18 U.S.C. § 982(a)(6)(A) as any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense in Count Thirty Five of the Indictment charging him with Use of a False Passport, in violation of 18 U.S.C. § 1543.

2.      The Defendant shall hereby forfeit, pursuant to 18 U.S.C. § 982(a)(2) and (a)(6)(A), the following specific property (hereinafter referred to as the "Subject Property"):

    a.      $24,850.00 in United States Currency and

    b.      the contents of the accounts listed in Exhibit 1.

3.      A forfeiture money judgment in the amount of $196,425.00 shall be entered against the Defendant pursuant to 18 U.S.C. § 982(a)(2) and (a)(6)(A) as a portion of the proceeds of the Defendant's offenses in Counts One and Thirty Five.

4.      Any property recovered as substitute assets pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b)(2) or recovered from the accounts listed on Exhibit 1 as a directly forfeitable asset shall be credited against the money judgment.

5.      The Defendant having agreed to the immediate forfeiture of the Subject Property, this Preliminary Order of Forfeiture is final as to the Defendant and shall be made part of the sentence and included in the judgment.   This order remains preliminary as to third parties until the ancillary proceeding is concluded.

6.      The United States is authorized to seize the Subject Property, whether held by the defendant or a third party; conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture; and to commence proceedings that comply with any statutes and federal rules governing third party rights, in accordance with Fed. R. Crim. P. 32.2(b)(3).

7.      In accordance with the direction provided by the Attorney General and Federal Rule of Criminal Procedure 32.2(b)(6), the United States shall publish notice of this Preliminary Order of Forfeiture and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.  Publication must take place as

described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

8.      The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Assistant United States Attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v) of the Federal Rules of Civil Procedure.

9.      Any person, other than the Defendant, filing a petition to contest the forfeiture of specific property, must sign the petition under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

10.     If a third party files a petition asserting an interest in the Subject Property, the court will conduct an ancillary proceeding.

11.     When the ancillary proceeding ends, the court will enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights. If no third party files a timely petition, this Preliminary Order of Forfeiture will become the Final Order of Forfeiture.

12.     The United States shall have clear title to the Subject Property following the court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

13.    The Court shall retain jurisdiction to enforce this order; and to amend it as necessary,

pursuant to Fed. R. Crim P. 32.2(e).


Dated:

SO ORDERED:

_____
TIMOTHY S. BLACK
UNITED STATES DISTRICT COURT JUDGE